UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SUSAN D. LEVIN

v.                                              C.A. No. 21-cv-00038

BANK OF AMERICA, N.A.

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER OBJECTION TO MOTION TO DISMISS FILED HEREIN BY DEFENDANT BANK OF AMERICA, N.A.

Now comes the Plaintiff in the above-entitled matter, by and through her attorney, and submits this Memorandum of Law and Facts in support of her objection to the Motion to Dismiss filed herein by the Defendant, Bank of America, N.A.

### RELEVANT FACTS

The Plaintiff purchased the resident real estate at 168 Peaked Rock Road, South Kingstown, RI on May 24, 2000. On or about May 3, 2004, the Plaintiff received, what she believed to be, a secure line of credit, and executed a note and mortgage of $94,600.00 on her residence to Fleet National Bank, the predecessor to the Defendant in this action. The said mortgage was recorded in the Land Evidence Records of the Town of South Kingstown on June 1, 2004 at 2:25 p.m. in Book 1136, Page 358. A few years after the origination of said mortgage, Plaintiff ran into financial issues. After several discussions, the Plaintiff and the Defendant were able to arrive at a modification agreement wherein the interest rate and terms were to be modified, causing the Plaintiff's monthly payment to be reduced. The Plaintiff executed certain modification documents to effectuate the modification process. These first set of modification documents were sent back to the Plaintiff due to some errors on the documents by the Defendant and/or its employees. [see Exhibit A, which is attached hereto and incorporated herein by reference.] A second set of documents was executed by the Plaintiff in an attempt to finish the modification process. [also please see Exhibt A.].

The Defendant has acknowledged multiple times via emails and letters that they have lost the original and corrected loan modification documents. [see Exhibit   which is attached hereto and incorporated herein by reference.] In fact, upon request by the Plaintiff over a 10 year period, the Defendant has failed to produce any copies of the original and corrected modification agreements. Throughout the life of this modified loan, there have been several attempts to ascertain the true amount of the loan balance, and to receive copies

of all the mortgage documents, including the original note and mortgage deed. The Plaintiff, through various attorneys, have sent Qualified Written Requests [QWR] to the Defendant, and the Defendant has not fully complied by sending **all** requested documents sought.

The Defendant has begun several foreclosure sales of the Plaintiff's real estate, but has cancelled the said foreclosure sales after notice to the Plaintiff and advertising. This conduct by the Defendant has caused, and continues to cause, emotional pain and suffering on the Plaintiff. In addition, the Defendant's conduct reporting the Plaintiff late on her payments, has caused the Plaintiff's credit report, and credit rating, to suffer, and it continues to suffer. These are continuing caused of action that have arisen since the bankruptcy discharge.

As a result of the Defendant's actions in its efforts to foreclose against the Plaintiff, the Plaintiff was forced to file a Chapter 7 Bankruptcy Petition to stay any collection activities. The Plaintiff filed bankruptcy on April 6, 2018, and the discharge was issued to her on July 10, 2018. This filing of bankruptcy caused a severe impact of the Plaintiff's credit and credit rating, and was only filed by the Plaintiff to freeze the Defendant's foreclosure action during this period of time. [see the affidavit of the Plaintiff attached hereto as Exhibt B, and incorporated herein by reference]. However, even after the discharge was entered on the aforementioned Chapter 7 matter, the Defendant, through its agents and/employees, have continued collection activities on the said note. This was post discharge, and does not constitute an asset of the Plaintiff's bankruptcy estate. Also, any QWRs that were sent after the bankruptcy was filed, and any noncompliance thereof of these QWRs, are not plausible causes of action and are not property of the bankruptcy estate. The Plaintiff has filed a motion prior to this response, asking the Bankruptcy Court to reopen the matter, to allow the Plaintiff/Debtor to amend her Schedule B and C to list the plausible causes of action. The Chapter 7 trustee who was assigned to this matter, initially, has been contacted by Plaintiff's attorney, and has received the Plaintiff's Complaint, as well as the Defendant's Motion to Dismiss. If the Chapter 7 trustee feels that this Complaint is not an asset of the estate, then the Defendant's arguments are moot.

## DISCUSSION

Rule 8[a] of the Federal Rules of Civil Procedure sets forth the requirements to which a pleading must adhere: A pleading that states a claim for relief must contain:

> (1) a short and plain statement of the grounds for the comi's jurisdiction, unless the court already has jurisdiction and the claim needs no new

jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief. [Emphasis added.]

That section is designed to set forth the Court's ability to hear this case, the jurisdiction and venue. The elements of the Plaintiff's cause of action, and the factual issues, are not designed to be discussed, in detail, at that point in the Complaint. Secondly, the rule requires that the recitation of the facts, and the claim, be short and plain to show that the Plaintiff is entitled to relief. This is exactly what the Plaintiff has done. The Defendant BOA seems to be expanding Rule 9 of the Federal Rules of Civil Procedure to require all pleadings to be pled with specificity, as set forth in Rule 9. Rule 9 sets forth the causes of action which must be pled with specificity, and the Plaintiff's Complaint does not plead those causes of action listed therein.

The Defendant BOA has filed copies of various documents for this Court to examine, relative to the motion to dismiss. However, by attaching these documents, the Defendant has transformed this Motion to Dismiss under Rule 12[b][6] to a Motion for Summary Judgment under Rule 56 [d]: "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." In its Motion and Memorandum, the Defendant has attached a number of exhibits. As a result, the test of whether this motion is successful changes from a Rule 12[b] analysis, to a Rule 56 analysis. The test under Rule 56 [a] states that "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." There are many genuine issues of disputed fact in this matter. Also, no responsive answer by the Defendant BOA has been filed, and no discovery has taken place. The Plaintiff feels that this motion [even if it's a Rule 12 [b] or Rule 56 [a]] is premature at this point in the process, and requests that this Honorable Court deny the relief sought by the Defendant, and to allow this matter to continue onto the discovery stage of litigation. "On a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that the party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc.. 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Asociacion de Periodistas de Puerto Rico v. Mueller, 529 F.3d. 52, 56 (1st. Cir.2008). Once the moving party has met its burden, the nonmoving party may only defeat the motion by "set[ting] forth specific fact showing that there is a genuine issue for trial," Anderson, 477 U.S. at 255, 106 S.Ct. 2505, and to present evidence sufficient to allow a reasonable jury to find in the nonmoving party's favor. Soto-Padro v. Pub.Bldgs. Auth, 675 F.3d 1, 5 (1st Cir.2012)." Morales v. Chadbourne, 996 F.Supp.2d. 19, 27 (2014). In the case at bar, there are many genuine issues of material fact in dispute, and therefore, we feel that summary judgment is not applicable at this juncture. The Defendant attaches a copy of the original note and mortgage deed in its memorandum. However, the Plaintiff and the Defendant have executed 2 loan modifications, none of which have been addressed by the Defendant in its Motion to Dismiss. These materially altered, and continue to alter, the contractual relationship between the parties. This creates material questions of fact which are in dispute.

In its memorandum, the Defendant sets forth the theory that the Plaintiff's allegations are woefully insufficient to demonstrate that the April 12, 2019 letter "triggered" an obligation on the Defendant's "part to respond to the letter under RESPA, let alone to state a plausible claim against BANA for violation of § 2605(e). Thus, the Court should dismiss Plaintiff's RESPA claim with prejudice." The Plaintiff adequately and properly pled the requirements of the count and upon discovery, will prove that the Defendant breached the RESPA statutes. The Defendant uses the Rule 12[b][6] and Rule 56 requirements to short circuit the pretrial phase of the herein action. The Defendant gives the addresses of the "proper" places to send the QWRs, but does not really know where and whom okayed the receipt of these letters. Again, this is a material question of fact to be determined at trial.

"A plaintiff must therefore allege facts in support of "each material element necessary to sustain recovery under some actionable legal theory." Dartmouth Review v. Dartmouth Coll, 889 F.2d at 16 (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)." A review of the Plaintiff's Complaint clearly indicates that he has complied with the requirements, as was discussed above. The Plaintiff submits that it has met the minimum requirements of both Ashcroft v. Iqbal, 556 U.S. 662 (2009), as well as Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). The Plaintiff has pled its cause of action sufficiently to put the Defendant on notice as to what the theories of liability are in his Complaint. The facts as pled are not "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." Iqbal, 556 U.S. at 663 (2009). It is easy for the Defendant to say that there is not enough "heft" in the allegations contained in the Complaint. It is another matter for it to prove that the Complaint is inadequate. The Plaintiff has proven, according to the requirements of Rule 8 as set forth above, that her Complaint "does cut the mustard."

The Defendant is requesting this Court to dismiss the entire lawsuit, with prejudice. However, even if the Court should feel that the Plaintiff has not reached the low threshold of the pleading rules under Rule 8, he is requesting an opportunity to amend his Complaint under Rule 15. Rule 15 of the Federal Rules of Civil Procedure allow for amendments when the pleadings do not meet judicial scrutiny: "A party may amend its pleading once as a matter of course.... if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b),(e), or (f), whichever is earlier." The Defendant has not even answered the Complaint yet, but has only filed this herein motion. It would be unfair to just dismiss this matter and not let the Plaintiff to freely amend. "Rule 15(a) therefore reinforces one of the basic policies of the federal rules- that pleadings are not an end in themselves but are only a means to assist in the presentation of a case to enable it to be decided on the merits. In order to further this policy, the court, on its own initiative, may require the parties to amend to avoid dismissal and subdivision (a)(2) provides that when a party moves to amend the court "should freely give

leave when justice so requires." Applying this flexible standard, one court has stated that "when any defendant appears generally in an action, he is deemed to have made an appearance with the knowledge that amendments are granted liberally and will be allowed and freely given when justice requires it." 6 Fed. Prac. & Proc. Civ. § 1473 (3d ed.)

The Defendant in its memorandum has taken each and every count in the Plaintiff's Complaint and states that she does not have a plausible claim. However, the Defendant itself just states that the Plaintiff does not state sufficient facts to prove the claims herein. This logic is flawed in that the Defendant is asking the Plaintiff to prove her case at the pleading level. With regards to the allegations wherein the Defendant lost documents, and sent them to someone other than the Plaintiff, the Defendant categorically denies it happened. However, see Exhibit C, attached hereto and incorporated herein by reference, which shows a letter from the Defendant acknowledging the loss. Certainly this is a material question of fac. This is not the proper place in the process for the Plaintiff to having to prove her case in chief. Each allegation that the Defendant has made in its memorandum is and should be declared, moot insofar as no discovery had been allowed to commence. This short circuit of the system needs to be denied. In the alterative, the Plaintiff seeks this Court to allow her to amend her Complaint to add the Chapter 7 trustee, whomever the Bankruptcy Court chooses, to enter this case relative to a portion of the Plaintiff's claims, and to not dismiss the Complaint with prejudice which is not justified in this matter.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court deny the relief sought in its Motion by the Defendant, and in the alternative, allow the Plaintiff to amend her Complaint, together with any other relief that this Court shall deem just and proper.

Dated: April 19, 2021

                                          SUSAN D. LEVIN
                                          By and through her attorney

                                              /s/ David L. Graham
                                          _____

                                          David L. Graham, Esq.
                                          840 Smithfield Avenue
                                          Lincoln, RI 02865
                                          Tel. (401) 861-4056
                                          Fax (401) 475-3822
                                          Bar Code No. 3034
                                          DGraham554@aol.com

## CERTIFICATE OF SERVICE

I, David L. Graham, attorney for the Debtor, hereby certify that I sent a copy of the **PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER OBJECTION TO MOTION TO DISMISS FILED HEREIN BY DEFENDANT BANK OF AMERICA, N.A.,** via ECF transmission, and first class mail, upon each party listed below, on the 19th day of April, 2021.

/s/ David L. Graham
_____

Parties served:

Justin J. Shireman (#7779)
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
260 Franklin Street, 14th Floor
Boston, MA 02110

# EXHIBIT A

# FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT
(THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

Creditor: Bank of America, N.A.
4161 Piedmont Parkway, Greensboro, NC 27410

Borrower(s): SUSAN LEVIN
168 PEAKED ROCK RD, WAKEFIELD, RI 02879

Date: July 27, 2009     Loan Number: 3910167927

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | AMOUNT FINANCED | TOTAL OF PAYMENTS | TOTAL SALE PRICE |
|---|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid after you have made all payments as scheduled. | The total cost of your purchase on credit including your down payment. |
| 5.250% | | $77,641.16 | $77,641.16 | N/A |

[X] **REQUIRED DEPOSIT**: The annual percentage rate does not take into account your required deposit.

PAYMENTS: Your payment schedule will be:

| Number of Payments | Amount of Payments | When payments are due Monthly Beginning: |
|---|---|---|
| 159 | $675.77 | October 15, 2009 |
| 1 | $708.84 | December 15, 2022 |

**INSURANCE**: The following Insurance is required to obtain credit.
[ ] Credit life insurance and credit disability.   [X] Property insurance   [ ] Flood insurance
You may obtain the insurance from anyone you want that is acceptable to the creditor

**SECURITY**: You are giving a security interest in:
[ ] The goods and property being purchased     [X] Real property you already own

**LATE CHARGE**: If payment is more than 15 days late, you will be charged 0.000% % of the payment.

**PREPAYMENT**: If you pay off early, you
[ ] may [X] will not have to pay a penalty
[ ] may [X] will not be entitled to a refund of part of the finance charge

**ASSUMPTION**: Someone buying your property
[ ] may  [ ] may subject to conditions [X] may not assume this remainder of your loan on the original terms.
See your contract documents for any additional information about nonpayment, default, and required prepayment in full before the scheduled date and prepayment refunds and penalties.

The undersigned acknowledge receiving and reading a completed copy of this disclosure. Neither you nor the creditor has become obligated to make or accept this loan, nor is any such obligation made by the delivery or signing of this disclosure.

*[signature: Susan Levin]*
Borrower: SUSAN LEVIN                    Co-borrower:

Co-borrower:                              Co-borrower:

Note: Annual Percentage Rate, Finance Charge and Total of Payments above do include any required mortgage insurance premiums, but do not include reserve deposits for taxes, assessments, and property or flood insurance

# FEDERAL TRUTH-IN-LENDING DISCLOSURE
(THIS IS NEITHER A CONTRACT NOR A COMMITMENT)

*Please Sign Fx # 336805 1719*

Creditor: Bank of America, N.A.
4161 Piedmont Parkway, Greensboro, NC 27410

Borrower(s): SUSAN LEVIN
168 PEAKED ROCK RD, WAKEFIELD, RI 02879

Date: August 20, 2009 | Loan Number: 3910167927

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | AMOUNT FINANCED<br>The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS<br>The amount you will have paid after you have made all payments as scheduled. | TOTAL SALE PRICE<br>The total cost of your purchase on credit including your down payment. |
|---|---|---|---|---|
| 5.250% | $30,515.11 | $77,641.16 | $108,156.27 | N/A |

[X] **REQUIRED DEPOSIT**: The annual percentage rate does not take into account your required deposit.
PAYMENTS: Your payment schedule will be:

| Number of Payments | Amount of Payments | When payments are due<br>Monthly Beginning: |
|---|---|---|
| 159 | $675.77 | October 15, 2009 |
| 1 | $708.84 | December 15, 2022 |

**INSURANCE**: The following Insurance is required to obtain credit.
[ ] Credit life insurance and credit disability.   [X] Property insurance   [ ] Flood insurance
You may obtain the insurance from anyone you want that is acceptable to the creditor

**SECURITY**: You are giving a security interest in:
[ ] The goods and property being purchased   [X] Real property you already own.

**LATE CHARGE**: If payment is more than 15 days late, you will be charged 5.000% % of the payment.

**PREPAYMENT**: If you pay off early, you
[ ] may [X] will not have to pay a penalty
[ ] may [X] will not be entitled to a refund of part of the finance charge

**ASSUMPTION**: Someone buying your property
[ ] may  [ ] may subject to conditions [X] may not assume this remainder of your loan on the original terms.
See your contract documents for any additional information about nonpayment, default, and required prepayment in full before the scheduled date and prepayment refunds and penalties.

The undersigned acknowledge receiving and reading a completed copy of this disclosure.
Neither you nor the creditor has become obligated to make or accept this loan, nor is any such obligation made by the delivery or signing of this disclosure.

Borrower: SUSAN LEVIN _____   Co-borrower: _____

Co-borrower: _____   Co-borrower: _____

Note: Annual Percentage Rate, Finance Charge and Total of Payments above do include any required mortgage insurance premiums, but do not include reserve deposits for taxes, assessments, and property or flood insurance.

# EXHIBIT B

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

SUSAN D. LEVIN

v.                                              C.A. No. 21-cv-00038

BANK OF AMERICA, N.A.

## AFFIDAVIT OF SUSAN D. LEVIN

I, Susan D. Levin, on oath depose and say:

1. That I am the Plaintiff in the above referenced matter;

2. That I have full knowledge of the facts contained herein;

3. That I filed Chapter 7 on April 6, 2018 to stop a pending foreclosure by the Defendant, Bank of America, and to request a loan modification pursuant to the US Bankruptcy Court for the State of Rhode Island local loss mitigation rules.

4. That I executed two [2] sets of loan modification documents [copies of some of the documents attached hereto as Exhibit A, and incorporated herein by reference].

5. That these loan modification documents supersede the notes and mortgage that the Defendant has attached to its Motion to Dismiss.

6. That I was not aware of any potential causes of action that I had when I filed for Chapter 7 relief and that is the reason that this within matter was not listed.

7. That because of the several threatened foreclosure sales that I have received, I have been under incredible stress and emotional and physical distress.

8. That even after the discharge of the Chapter 7 bankruptcy, I have received collection calls from the Defendant's employees and/or agents seeking to collect monies under the promissory note.

/s/ *Susan D. Levin*
Susan D. Levin

Subscribed and sworn to before me this 16th day of April, 2021.

/s/ _____
Printed Name: David Graham
Notary Public
My commission expires: 4/8/22



# EXHIBIT C

**Bank of America**
NC1-007-58-16
100 N TRYON STREET
CHARLOTTE, NC 28255-0001

C3_9978_08/31/2017

Ms. Susan Levin
168 Peaked Rock Road
Wakefield, RI 02879-2384

**Loan Ending in:**
2224

**February 27, 2018**

Correspondence received on: January 30, 2018

Dear Ms. Levin:

**Case Number:**
180131CR0000122

Our Regulatory Complaints team is responding to correspondence sent on behalf of our customers' from the Consumer Financial Protection Bureau (CFPB). We appreciate the opportunity to address the concerns.

**Page 1 of 2**

After discussion with our legal counsel, we have determined that in view of the connection between the concerns raised in the correspondence we have forwarded the correspondence to our legal counsel, Blank Rome. On February 21, 2018, a response to the correspondence in regards to Notice of Error, Information Request, and related Items from Blank Rome was mailed to you under a separate cover. I have enclosed a copy of the letter for your records.

For more information about help for homeowners, visit bankofamerica.com/homeloanhelp or makinghomeaffordable.gov

## Summary of research

Our records indicate that your loan is paid through the March 2009 installment and is in default status. Your loan was referred to our foreclosure department on November 3, 2017. A foreclosure sales date has been set for April 11, 2018.

To check on the status of a loan modification, go to bankofamerica.com/loanhelpstatus

In regards to the handling of your personal information, please review the information that follows.

WHAT HAPPENED: As you are aware, an incident occurred that may have resulted in the disclosure of your information due to an isolated mailing error. We have been unsuccessful in our attempts to recover the documents.

WHAT INFORMATION WAS INVOLVED: According to our records, the information involved in this incident was related to your loan account and may have included your first and last name, address, loan account number, and balance.

WHAT WE ARE DOING: Keeping your information secure and confidential is one of our most important responsibilities. We sincerely apologize for this incident and regret any concern or inconvenience it may cause you. We are notifying you so we can work together to protect your personal and account information.

WHAT YOU CAN DO: Please be advised we recommend you take the following precautions to protect your personal and account information:

- Please promptly review your credit reports and account statements over the next 12 to 24 months and notify us of any unauthorized transactions or incidents of suspected identity theft related to your Bank of America accounts (refer to tips on back of this letter).
- Enroll in the Credit Monitoring Service offered below.

February 27, 2018
Page 2 of 2

- Refer to the enclosed "Important tips on how to protect personal information" for additional precautions you can take.

We sincerely apologize for this incident and regret any concern or inconvenience it may cause you.

## Resolution

Please be advised we have taken the following precautions to protect your personal and account information. As an additional measure of protection, Bank of America has arranged for a **complimentary** one-year membership in an identity theft protection service provided by Experian IdentityWorks℠. **You will not be billed for this service.** This product provides you with identity detection which includes daily monitoring of your credit reports from the three national credit reporting companies (Experian, Equifax® and TransUnion®), internet surveillance, and resolution of identity theft. **This service will expire at the conclusion of the complimentary period and will not automatically renew.** Any renewal of service elected by the customer is paid for by the customer and done directly through Experian IdentityWorks℠. Bank of America has no involvement with respect to any offers, products or services from or through Experian IdentityWorks℠ that the customer may choose to enroll in beyond the complimentary membership. To learn more about the complimentary membership and enroll, go to https://www.experianidworks.com/bac/ **enter your activation code and complete the secure online form. You will need to enter the activation code provided below to complete enrollment.** If you prefer to enroll by phone, please call Experian IdentityWorks℠ at 866.617.1920.

Experian IdentityWorks℠ web site: https://www.experianidworks.com/bac/
Your Activation Code: YSRC35SSP
You Must Enroll By: June 1, 2018

## Documents enclosed

- Response Letter dated February 21, 2018
- Important tips on how to protect your personal information

## Questions

If you have questions or would like to discuss further, I'm available Monday through Friday, 6:00 a.m. to 2:30 p.m. at 877.430.1431, extension 437974.

Sincerely,

Lindsay Zepeda
Resolution Specialist
Regulatory Complaints

cc: Consumer Financial Protection Bureau, case number 180129-2815803

Bank of America, N.A. is required by law to inform you that this communication is from a debt collector. If you are currently in a bankruptcy proceeding or have previously obtained a discharge of this debt under bankruptcy law, this notice is for informational purposes only and is not an attempt to collect a debt, a demand for payment or an attempt to impose personal liability for a discharged debt.

Equal Housing Lender. 🏠
Protect your personal information before recycling this document.