IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SUSAN A. LEVIN, <br>     Plaintiff, <br><br>   v. <br><br> BANK OF AMERICA, N.A., <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> )   No. 1:21-cv-00038-MSM-PAS <br> ) <br> ) <br> ) <br> ) |

MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

  Bank of America, N.A. ("BANA"), has moved to dismiss this eight-count Complaint whose genesis was a residential mortgage and promissory note executed by BANA's predecessor Fleet Bank and the plaintiff, Susan A. Levin. Ms. Levin took out the mortgage in 2000 to purchase her South Kingstown home. More than 20 years later, after, according to the plaintiff, two threatened but unconsummated foreclosure sales, and at least two agreed-upon loan modification agreements, Ms. Levin brought this action alleging a variety of ways in which BANA failed in its obligations to her. In brief, she accuses BANA of bad faith dealing, deceptive trade practices, unfair collection practices, unlawful credit reporting activities, and

1

numerous failures to respond to her Qualified Written Requests ("QWR").[1] In addition to these statutory claims she has sued for both intentional and negligent infliction of emotional distress.

1. State Tort Claims

The state law tort claims are quickly disposed of. The defendant points out, correctly, that nowhere in her complaint does the plaintiff allege any injury other than "severe emotional distress and mental anguish." (ECF No. 1, ¶¶ 83, 86.) Yet Rhode Island law is clear that a plaintiff may not succeed on either claim without alleging and proving some "medically established physical symptomatology." *Swerdlick v. Koch,* 721 A.2d 849, 862-63 (R.I. 1998). *Accord, Vallinoto v. DiSandro,* 688 A.2d 830, 850 (R.I. 1997) (Flanders, J., dissenting); *DeLucca v. Nat'l Educ. Ass'n of Rhode Island,* 102 F. Supp.3d 408, 418 (D.R.I. 2015); *Lisnoff v. Stein*, 925 F. Supp.2d 233, 241 (D.R.I. 2013). Even in response to the Motion to Dismiss, the plaintiff has pointed to no physical manifestation of her distress, and, without that, the Complaint fails to state claims upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Counts VII and VIII are therefore DISMISSED.

---

[1] Ms. Levin invokes several provisions of Chapter 27 of Title 12 of the United States Code, entitled "Real Estate Settlement Proceeds ("RESPA"); the Rhode Island Deceptive Trade Practices Act ("RIDTPA"), R.I.G.L. §§ 6-13.1-20 *et seq,*; the Federal Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C.A. § 1692 *et seq;* and the Fair Credit Reporting Act, 15 U.S.C.A. § 1681 *et seq.*

2. Pre-Discharge Conduct

BANA has moved to dismiss the remaining counts both individually and as a group.  Because the Court agrees with BANA's "global" attack, it need not address Counts I through VI individually.  With two exceptions discussed below at Part 3, the plaintiff claims as violative of the statutes listed in n. 1, *infra,* BANA's conduct occurring prior to July 10, 2018.  On that day, her voluntary Chapter 7 bankruptcy petition was granted, and a discharge was entered in the Bankruptcy Court of Rhode Island.[2]

BANA contends that to the extent its conduct prior to July 10, 2018, gave rise to any claims against it, Ms. Levin's failure to list any potential claims on the bankruptcy schedule of her assets judicially estops her from pursuing those claims here.  The Court takes judicial notice of the bankruptcy schedule which, in item 33, fails to list any possible or potential legal claims.  (ECF No. 11, Exh. D.)  All potential claims must be disclosed.  *Guay v. Burack,* 677 F.3d 10, 17 (1st Cir. 2012); *Moses v. Howard University Hosp.,* 606 F.3d 789, 793 (D.C. Cir. 2010).  Such claims become part of the bankruptcy "estate." *Howe v. Richardson,* 193 F.3d 60, 61 (1st Cir. 1999). "[I]t is well-established that a failure to identify a claim as an asset in a bankruptcy

---

[2] The Court has taken judicial notice of the docket of 1:18-bk-10578, the Chapter 7 petition and accompanying schedules, and the discharge. (ECF No. 11, Exh. D and E.)  They are all public records, 11 U.S.C. § 107, of which judicial notice may be taken. *Watterson v. Page,* 987 F.2d 1, 3 (1st Cir. 1993).  In addition, as one of the plaintiff's claims is that BANA pursued unlawful debt collections against her after her debts were discharged in bankruptcy, the bankruptcy filings are both "central to plaintiff['s] claim [and] sufficiently referred to in the complaint." *Id.* at 4.  The taking of judicial notice does not, as plaintiff contends, transform the Motion to Dismiss into a Motion for Summary Judgment.

proceeding is a prior inconsistent position that may serve as the basis for application of judicial estoppel, barring the debtor from pursuing the claim in a later proceeding." *Guay*, 677 F.3d at 17. "[E]very circuit that has addressed the issue has found that judicial estoppel is justified to bar a debtor from pursuing a cause of action in district court where that debtor deliberately fails to disclose the pending suit in a bankruptcy case." *Moses,* 606 F.3d at 793.

Ms. Levin does not contend that potential claims against BANA were listed in her Chapter 7 filing, but she asserts that she has filed a motion to re-open the bankruptcy proceeding in order to do so. (ECF No. 13, p. 2.) In fact, she did just that, moving to re-open 1:18-bk-10578 on April 21, 2021.[3] On or about that day, the bankruptcy judge *denied* the motion for failure to follow an (unspecified) court order. *See* docket of 1:18-bk-10578, endorsement on Motion. Since that time, although Ms. Levin filed a Certificate of Notice on May 19, 2021, asserting that she sent notice to Bank of America, N.A., the motion to re-open has remained denied. She has never re-filed it, nor requested reconsideration. Instead, her attempt to revive the bankruptcy and escape the impact of judicial estoppel, has lain devoid of life in the

---

[3] As grounds for the motion to re-open, the plaintiff averred that the potential claims were unknown to her, despite the assertions in the complaint that plaintiff had engaged no fewer than four attorneys to combat Bank of America and had experienced, she said, nearly twenty years of BANA's unsatisfactory conduct. This Court makes no comment on the assertion of ignorance.

What this Court *does* comment on, however, is that each of the plaintiff's filings concerning the Motion to Dismiss have been in violation of Local Rule 5(a)(3). They have been single-spaced, which has made them difficult to read and absorb, and have lacked page numbers. Future filings by the plaintiff's counsel will be rejected by this Court if they suffer the same deficiencies.

bankruptcy electronic database for nine months. That attempt, therefore, has no impact on the instant matter.

3. Post-Discharge Conduct

The first exception to pre-discharge conduct is BANA's failure to respond to a QWR sent on April 12, 2019, as alleged in Count I. (ECF No. 1, ¶¶ 16, 36.) Ms. Levin claims a violation of § 2605(e) of RESPA based on the sparse allegation that a QWR was sent and not responded to. "RESPA aims to promote transparency and communication between borrowers and lenders. To that end, the statute requires that servicers of mortgage loans respond to inquiries from borrowers about their loans within a set amount of time." *Lebeau v. U.S. Bank, N.A. as Trustee for Citigroup Mortgage Loan Trust Inc.*, No. 17-329-JJM-PAS, 2019 WL 1077285, at *3 (D.R.I. Mar. 7, 2019) (quoting *McGahey v. Fed. Nat'l Mtg. Ass'n*, 266 F. Supp. 3d 421, 438 (D. Me. 2017)) (internal citations omitted). Inquiries that meet certain criteria are referred to as QWRs.

The assertion that a letter constituted a QWR is a legal conclusion that it met the criteria of § 2605(e). A QWR is defined by statute as a letter sent to a servicer of a loan, § 2605(e)(1)(A), that "include(d), or otherwise enabled the servicer to identify the name and account of the borrower," § 2605(e)(1)(B)(i), and that "include(d) a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other

5

information sought by the borrower." § 2605(e)(1)(B)(ii).[4] *McLaughlin v. Bank America, N.A.,* No. 14-cv-370-LM, 2015 WL 1243174, at *7 (D.N.H. 2015) (communication, while ambiguous in certain respects, contained an item that "relate[d] squarely to the servicing of [the] loan."). While there are "no magic words," the communication must clearly request "information related to servicing." *O'Connor v. Nantucket Bank,* 992 F.Supp.2d 24, 35-36 (D. Mass. 2014). A claim that does not specify the contents of the communication "has not sufficiently pled that those communications constituted qualified written requests within the meaning of RESPA." *Loew v. Green Tree Servicing, LLC,* No. 17-cv-12385-DJC, 2018 WL 3580297, at *2 (D. Mass. July 24, 2018) (without specifying the contents of the communications, plaintiff failed to prove they were valid QWRs). The burden of proof that a communication constituted a QWR is part of the burden of proving a RESPA violation and falls on the plaintiff. *In re Knowles,* 442 B.R. 150, 157 (1st Cir. 2011). It must therefore be sufficiently pleaded and in this case it has not been.

The second and final exception to pre-discharge conduct is the Complaint's allegation that "[s]ince the discharge . . . on many occasions the collections department of the Defendant has called the Plaintiff numerous times in an attempt

---

[4] The Court does not accept BANA's argument that the Count should be dismissed because the record does not demonstrate that the QWR was sent to the designated BANA address. The allegations of BANA concerning what its designated address was, and where the 4/12/2019 letter went, go beyond the four corners of the Complaint and the documents that can be considered on a 12(b)(6) motion. The failure to receive a QWR because it was sent to an erroneous address would be a matter of defense to the RESPA claim. *E.g., Moody v. PennyMac Loan Services, LLC,* No. 16-cv-00021-JL, 2019 WL 7596261, at *11 (D.N.H. Nov. 12, 2019) (summary judgment granted because record showed letters were sent to an address other than that designated).

to collect on the promissory note, which was discharged in the Chapter 7 bankruptcy." Based on this allegation, Count V claims a violation of the Federal Fair Debt Collections Practices Act. (ECF No. 2, ¶ 41).

A creditor's attempt to collect a debt which has been discharged in bankruptcy operates as a violation of the injunction represented by the discharge. *In re Lemieux*, 520 B.R. 361, 364 (D. Mass. 2014). There is nothing more specific alleged in the Complaint. Mindful of its obligation to construe the Complaint in favor of the plaintiff, the Court accepts the word "since" as denoting conduct occurring after the bankruptcy discharge and therefore the Count is not foreclosed by judicial estoppel. *See* Part 2, *infra*. However, beyond that word, allegations that fix in time or space the alleged attempts to collect are lacking. The occasions are described solely as "many" without reference to dates or specific communications. It is unclear whether there were simply telephone calls placed to the plaintiff that went unanswered, whether there were messages left, or what the content of any actual communication was. Without any allegations related to content, there is no way for the Court to judge whether the calls were ones whose purpose was to induce payment by the plaintiff. *Miller v. Carrington Mortgage Services, LLC.*, 607 B.R. 1, 7 (D. Me. 2019). "At a minimum, . . . a complaint must allege a scenario involving collection (or attempted collection) of a debt." *Arruda v. Sears, Roebuck & Co.*, 310 F.3d 13, 23 (1st Cir. 2002).[5] This Complaint fails to describe a "scenario" from which a violation of

---

[5] BANA also contends that it is not a "debt collector" within the meaning of the FDCPA proscriptions. A "debt collector" is defined as a person "in any business the principal purpose of which is the collection of any debts, or who regularly collects or

7

the FDCPA may be inferred. As such, it fails to describe a plausible claim for relief. *Id.*

The defendant's Motion to Dismiss (ECF No. 11) is GRANTED.

IT IS SO ORDERED:

*/s/ Mary S. McElroy*
Mary S. McElroy,
United States District Judge

January 28, 2022

---

attempts to collect, directly or indirectly, debts owed or asserted to be owed or due another." *Obduskey v. McCarthy & Holthus LLP,* ___ U.S. ___, 139 S. Ct. 1029, 1035-36 (2019) (quoting 15 U.S.C. § 1692a(6)).